**YU YAN ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales,[1] Attorney General, Respondent.**

**No. 03–41126–ag.**

United States Court of Appeals, Second Circuit.

June 21, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

David X. Feng, New York, New York, for Petitioner.

John C. Richter, United States Attorney for the Western District of Oklahoma, Kay Sewell, Assistant United States Attorney, Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Hon. ROBERT D. SACK, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Yu Yan Zheng, through counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") William F. Jankun denying Zheng's applications for asylum, withholding of re-

moval, and relief under the Convention Against Torture ("CAT").

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the single argument for denying relief that was rejected by the BIA. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ found Zheng not to be credible because she testified that she was forced to pay a fine of 25,000 RMB on June 28, 1999, for "over birth," and then forcibly sterilized on that same day, but her asylum application indicates that she and her husband paid the fine and Zheng was sterilized on August 28, 1999. The IJ's finding is supported by substantial evidence in the record and, together with other discrepancies in the record, is a reasonable basis for finding Zheng noncredible, because it calls into question the timing of both her alleged sterilization and the alleged payment of the fine for "over birth." *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

■ The IJ also determined Zheng not to be credible because she presented as proof of her alleged forced abortion in 1996, a so-called "abortion certificate." It was proper for the IJ to consider the Asylum Profile and to make an adverse credibility finding based on the report and the evidence in the record. *See Tu Lin v. Gonzales,* 446 F.3d 395, 400–01 (2d Cir. 2006) (holding that State Department reports, while not automatically discrediting contrary evidence presented by the appli-

cant, are, nonetheless, probative). The Asylum Profile states that "a document that might resemble ... [a so-called abortion] certificate ... is ... issued by hospitals upon a patient's request after a voluntary abortion ... [and] used by patients as evidence to request 2 weeks of sick leave after an abortion has been performed, a right provided by the law." Zheng presented no evidence to contradict the Asylum Profile, or to explain why she would have been issued an abortion certificate if, as she alleges, she was both forcibly aborted and self-employed.

■ The IJ also found Zheng incredible because she stated in her asylum application that she was forced to have an IUD inserted but, later, had it secretly removed in order to become pregnant, and that when she did become pregnant, she was discovered by the authorities and forcibly aborted. However, she failed to mention the alleged IUD insertion and removal, and the purported abortion during her merits hearing. Finally, the IJ reasonably found implausible Zheng's claim that while she and her husband were in hiding from the authorities, her husband approached the authorities to obtain a duplicate of Zheng's marriage certificate, and a household registration was issued to the family.

■ These findings alone are sufficient for us to uphold the agency's decision. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–165 (2d Cir. 2006). Because the only evidence of a threat of future persecution to Zheng depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on Zheng's claim of a well-founded fear of persecution. *See Paul v. Gonzales,* 444 F.3d 148, 153–55 (2d Cir.2006) (holding that for an applicant who has been determined to be incredible to prevail on a future persecution claim, the predicate of that claim must be independent of the testimony that the IJ found

to be incredible). Because Zheng did not raise her withholding of removal or CAT claims before the BIA, those claims are unexhausted. *See* 8 U.S.C. § 1252(d)(1); *see also Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).