**YU YAN ZHENG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 07–0562–ag.**

United States Court of Appeals, Second Circuit.

Feb. 6, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

David X. Feng, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division; Patricia A. Smith, Senior Litigation Counsel; Terri León–Benner, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROSEMARY S. POOLER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Yan Zheng, a native and citizen of the People's Republic of China, seeks review of a January 24, 2007 order of the BIA denying her motion to reopen removal proceedings. *In re Yu Yan Zheng,* No. A 78 719 821 (B.I.A. Jan. 24, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the agency denies a motion to reopen, this Court reviews the BIA's decision for an abuse of discretion. *Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Here, the BIA did not abuse its discretion in denying Zheng's motion to reopen. The BIA appropriately noted that Zheng's motion was untimely where its prior decision had been issued in December 2003, and Zheng did not submit her motion until November 2006, well beyond the ninety-day deadline. *See* 8 C.F.R. § 1003.2(c)(2).

Further, the BIA properly found that Zheng's case did not warrant equitable tolling based on ineffective assistance of counsel when she failed to show that she was prejudiced by her prior attorney's conduct. *See, e.g., Esposito v. INS,* 987 F.2d 108, 111 (2d Cir.1993) (per curiam) (emphasizing that to demonstrate prejudice, the petitioner must establish that had counsel acted competently, the result of

the proceeding would have been different). As the BIA noted, this Court upheld its affirmance of the IJ's adverse credibility finding, which was based on several weaknesses in the presentation of Zheng's claim. *See Yu Yan Zheng v. DOJ*, 186 Fed.Appx. 118, 120–21 (2d Cir.2006). However, in asserting that her prior attorney was ineffective, Zheng contended only that he failed to explain to the IJ a mistake he made in preparing her written application with respect to the date of her sterilization.

In her brief to this Court, Zheng argues that "it is impossible to predict whether the IJ would have reached the same determination had this significant discrepancy not been present." To the contrary, the record reflects that the IJ did not find the inconsistency concerning the date of Zheng's sterilization dispositive. Rather, after identifying that inconsistency, the IJ relied on several other inconsistencies and implausibilities in the record, as well as Zheng's submission of a questionable abortion certificate, to support his decision. As such, the BIA's finding that equitable tolling was not warranted was not arbitrary or capricious.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).